FLORA A. IRISH, APPELLANT, v. GEORGE T. OWEN, SHAW INSULATOR COMPANY, RESPONDENTS.

Submitted December 11, 1922—Decided March 5, 1923.

Under section 17 of the Federal Bankruptcy act, as now in force (30 *U. S. Stat., p.* 999), a judgment for breach of promise of marriage is not excepted from the discharged debts unless the promise was accompanied by seduction.

On appeal from rule made by the Chief Justice in the Supreme Court, discharging a previous rule to show cause why' the Shaw Insulator Company should not be adjudged in contempt.

For the appellant, *William H. Osborne.*

For the respondent, Shaw Insulator Company, *Gifford & Miller.*

The opinion of the court was delivered by

PARKER, J. The sole question for determination is whether a judgment of damages for breach of promise of marriage, without seduction, is released by the defendant's discharge in bankruptcy.

The facts appearing in the suit were that defendant represented himself as an unmarried man though he was in fact married, and in that guise paid his attentions to plaintiff. The result was an understanding between them which the court instructed the jury could be considered, and which the jury evidently did consider, as an agreement to marry. The suit was brought after discovery of the real facts and plaintiff had a judgment. Under the act of 1915, page 470, as supplemented and amended, plaintiff obtained an execution against defendant's salary, and served it on the Shaw Insulator Company, his employer, which paid instalments for several weeks and then ceased paying, because defendant had been discharged in bankruptcy. The judgment was regularly scheduled in the bankruptcy proceedings and no technical question of procedure arises. The company, on the return of the rule to show cause, showed these facts, and the rule was thereupon discharged, and this is the judicial action alleged for error.

Assuming for present purposes, without deciding, that a proceeding in contempt was proper procedure (the statute seems to contemplate a suit against the source of income *qua garnishee*), and assuming also that the discharge of the rule

to show cause is reviewable, and if so by appeal tantamount to writ of error, we take up the meritorious question involved.

By the Bankruptcy act of 1898, there were excepted from discharge, among other debts and liabilities not now relevant

(2) "Judgments in actions for fraud, or obtaining property by false pretenses or false representations or for willful and malicious injuries to the person or property of another." (Act of July 1, 1898, *ch.* 541, § 17; 30 *U. S. Stat., p.* 550.)

This was changed in 1903 to read:

"Liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintainance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation." 32 *U. S. Stat., p.* 798.

Still later, in 1917, the clause was further amended, and at the time of the accrual of the cause of action read, and still reads, as follows:

"Liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintainance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompained by seduction, or for criminal conversation." 39 *U. S. Stat., p.* 999.

It is not claimed that any other subdivision of section 17 is applicable, and the entire argument for appellant rests on the proposition that the judgment in the cause is exempted from the effect of the act because it is a judgment for, or at least includes an award for, "willful and malicious injuries" to the person of the plaintiff. We are absolutely unable to see any merit in this claim. In the first place, no injury to plaintiff's person was alleged in the complaint, or, so far as appears, testified to in the evidence; so that the argument that defendant by having induced plaintiff to consent to being caressed and fondled under fraudulent representation as to

his marital status, had thereby in legal contemplation committed an assault and battery upon her, has no basis of fact to rest upon. Hence, even if the legal theory advanced be correct, which we do not concede, the trial court under the circumstances properly charged in substance that the gravamen of the suit was contractual and that the damages were essentially based on the loss of a station in life, though aggravated no doubt, by humiliation and wounded feelings. But the fundamental and controlling reason for supporting the action of the court below is, that as a matter of statutory construction no such meaning of the "malicious and willful injury" clause is tenable. If it could have been possibly inferred from clause two as it existed in general language in the act of 1898, still the amendment of 1903 goes expressly into this phase of legal recovery, and deals with seduction of an unmarried female and criminal conversation; and the amendment of 1917 makes the matter plain beyond cavil, by adding judgments for breach of promise of marriage *accompanied by seduction*. The case is conspicuously one for the application of the maxim *expressio unius, exclusio alterius;* in other words, having regard to the development and present language of the act, the judgments in breach of promise cases that are excepted from discharge are those accompained by seduction; the others, by natural and irresistible inference, are not.

The judicial action brought up is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   12.

*For reversal*—None.